UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSUT MAX INCIYAN, in individual and representative capacity as trustee of the Inciyan Family Trust,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF CARLSBAD; and ROES 1 through 20,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19-CV-2370 JLS (MSB)<br><br>**ORDER TO SHOW CAUSE AS TO THE COURT'S SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 1) |

　　　Presently before the Court is the Complaint Against the City of Carlsbad for indemnification, comparative indemnity, declaratory relief, contribution, and affirmative injunction filed by Plaintiff Maksut Max Inciyan, individually and in his representative capacity as trustee of the Inciyan Family Trust. *See generally* ECF No. 1 ("Compl.").

　　　"[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F.

1

Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, courts have diversity jurisdiction when the "matter in controversy exceeds . . . $75,000 . . . and is between . . . [¶] citizens of different States." It does not appear that there is any basis for diversity jurisdiction here, given that Plaintiff appears to be a citizen of California and that Defendant is "an incorporated municipality operated within the County of San Diego, State of California." *See* Compl. ¶¶ 2–3.

Federal courts have federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal-question jurisdiction pursuant to 28 U.S.C. § 1331 arises in two situations." *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017). "First, a court may exercise federal-question jurisdiction where a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)). "Second, federal-question jurisdiction arises where a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "To assess federal-question jurisdiction, courts apply the 'well-pleaded complaint' rule under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)). "A defense is not a part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)).

Here, Plaintiff's allegations concerning Jurisdiction and Venue do not identify a basis for the Court's jurisdiction, *see* Compl. ¶¶ 1–4, although his Civil Cover Sheet

maintains that jurisdiction is proper on the basis of the existence of a federal question. *See* ECF No. 1-1. Specifically, Plaintiff identifies the nature of his suit as arising under the Americans with Disabilities Act, *see id.*, although he also identifies the statute under which he is filing as California Government Code section 910. *See id.* Plaintiff's causes of action for indemnity, comparative indemnity, declaratory relief, contribution, and an affirmative injunction relate to another suit pending before this Court, *Langer v. Inciyan*, No. 18-CV-2767 JLS (MSB) (S.D. Cal. filed Dec. 10, 2018), which in turn alleges causes of action for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and the Unruh Civil Rights Act, California Civil Code §§ 51–53.

      Although the *Langer* action clearly raises a federal question, the Court is not convinced that this action does. *See, e.g.*, *Perreault v. Model Fin. Co.*, No. 18-CV-2781-CAB-AGS, 2019 WL 1493343, at *1–3 (S.D. Cal. Apr. 4, 2019) (dismissing cross-complaint for indemnity and contribution where underlying litigation asserted violation of the Fair Debt Collection Practices Act); *Forever 21 Inc. v. Seventy Two, Inc.*, No. CV131513PSGMANX, 2013 WL 12425024, at *2 (C.D. Cal. Mar. 25, 2013) (concluding that the plaintiff failed to allege subject-matter jurisdiction for indemnity action where underlying litigation was for copyright infringement). The Court therefore **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff **SHALL FILE** a response, not to exceed <u>ten (10) pages</u>, within <u>seven (7) days</u> of the electronic docketing of this Order. Defendant **MAY FILE** a response, not to exceed <u>ten (10) pages</u>, within <u>seven (7) days</u> of the filings of Plaintiff's response.

      **IT IS SO ORDERED.**

Dated: December 19, 2019

Hon. Janis L. Sammartino
United States District Judge