# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSUT MAX INCIYAN, in individual and representative capacity as trustee of the Inciyan Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CARLSBAD; and ROES 1 through 20,<br><br>Defendants. | Case No.: 19-CV-2370 JLS (MSB)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF No. 1) |

Presently before the Court is the Complaint Against the City of Carlsbad for indemnification, comparative indemnity, declaratory relief, contribution, and affirmative injunction filed by Plaintiff Maksut Max Inciyan, individually and in his representative capacity as trustee of the Inciyan Family Trust, *see generally* ECF No. 1 ("Compl."), as well as the Parties' briefs filed in response to the Court's December 19, 2019 Order to Show Cause, ECF No. 4. *See* ECF Nos. 8 ("Pl.'s Resp."), 9 ("Def.'s Resp."), 10 ("Pl.'s Reply"). Having carefully considered Plaintiff's Complaint, the Parties' arguments, and the law, the Court **DISMISSES** Plaintiff's Complaint for lack of subject-matter jurisdiction.

/ / /

**LEGAL STANDARD**

"[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, courts have diversity jurisdiction when the "matter in controversy exceeds . . . $75,000 . . . and is between . . . [¶] citizens of different States." Federal courts have federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"Federal-question jurisdiction pursuant to 28 U.S.C. § 1331 arises in two situations." *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017). "First, a court may exercise federal-question jurisdiction where a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)). "Second, federal-question jurisdiction arises where a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

"To assess federal-question jurisdiction, courts apply the 'well-pleaded complaint' rule under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 391–92 (1987)). "A defense is not a part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)).

## BACKGROUND

On December 10, 2018, Chris Langer filed a complaint against Mr. Inciyan for damages and injunctive relief for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and the Unruh Civil Rights Act, California Civil Code §§ 51–53. *See* Complaint, *Langer v. Inciyan et al.* ("*Langer*"), No. 18CV2767 JLS (MSB) (S.D. Cal. filed Dec. 10, 2018), ECF No. 1 ("*Langer* Compl."). Mr. Langer alleged that "there is no compliant parking space marked and reserved for persons with disabilities at [Mr. Inciyan's] Restaurant." *Langer* Compl. ¶ 13.

On July 12, 2019, Mr. Inciyan sought leave to implead the City of Carlsbad in *Langer*. *See* Motion for Leave to File Third Party Complaint, *Langer* (filed July 12, 2019), ECF No. 19 ("*Langer* Mot."). The Court denied Mr. Inciyan's motion on December 2, 2019. *See* Order Denying Defendant's Motion for Leave to File Third-Party Complaint, *Langer* (filed Dec. 2, 2019), ECF No. 25 ("*Langer* Order").

On December 10, 2019, Mr. Inciyan filed the instant Complaint against the City of Carlsbad, alleging five causes of action for indemnification, comparative indemnity, declaratory relief, contribution, and an affirmative injunction. *See generally* ECF No. 1 ("Compl."). Mr. Inciyan's case was transferred to this Court pursuant to this District's low-number rule as related to *Langer*. *See* ECF No. 3. Following the transfer, the Court ordered Mr. Inciyan to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. *See* ECF No. 4.

## ANALYSIS

Mr. Inciyan claims that "[j]urisdiction is proper based on the existence of a federal question." Pl.'s Resp. at 2. Specifically, "[t]he relief sought by INCIYAN, including declaratory and injunctive relief, arises under the rights and duties of the parties under the ADA[,] which confers federal jurisdiction under 28 U.S.C. § 1331," *id.*, because

"INCIYAN is praying that the City of Carlsbad be compelled to comply with the ADA." *Id.* at 7. Mr. Inciyan contends that "the action sought to be coerced by the [*Langer*] Matter cannot be undertook without a declaration of the rights and obligations as between INCIYAN and the CITY with respect to compliance with the ADA." *Id.* at 5.

The City of Carlsbad responds that "there is no subject matter jurisdiction" here because "[f]ederal law clearly does not create the basis for [Mr. Inciyan's] causes of action [for indemnification, comparative immunity, and contribution, which] are state law claims." Def.'s Resp. at 3. Mr. Inciyan's causes of action for declaratory and injunctive relief are not causes of action, *see id.* at 2 n.1, 3 n.2, and—as currently pled—do not "arise under Title II [of the ADA] but rather state common law indemnity rights." *Id.* at 4 (citing Compl. ¶¶ 23–25). Further, "no federal question jurisdiction would exist even if Inciyan sought declaratory relief on the issue of the City's obligations under Title II of the ADA," *id.*, because "there still would be neither a case or controversy nor an independent basis for federal question jurisdiction because there can be no violation of Title II of the ADA vis-a-vi[s] Inciyan and the City." *Id.* at 5. "This conclusion does not change simply because Inciyan can raise *as a defense* in the Title II action that removal of barriers is not 'readily achievable' because the City will not allow him to do so." *Id.* at 6 (emphasis in original).

Mr. Inciyan rejoins that "the City of Carlsbad . . . ignores that a declaration of the rights and obligations of INCIYAN and the CITY arising under the ADA is necessary to resolve the issues presented by the [*Langer*] Matter." Pl.'s Reply at 1–2. Mr. Inciyan reiterates that a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" because he "alleges that the CITY's failure to comply with its requirements under the ADA prevents INCIYAN from making accessible parking available." *Id.* at 3 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983)).

The Court concludes that Mr. Inciyan has failed to establish that the Court has subject-matter jurisdiction over the instant Complaint. It is clear that Mr. Inciyan's causes of action for indemnification, comparative indemnity, and contribution are state law causes

of action that do not raise a federal question. *See* Compl. ¶¶ 15–19 (first cause of action for indemnification), 20–22 (second cause of action for comparative indemnity), 26–27 (fourth cause of action for contribution); *see, e.g.*, *Perreault v. Model Fin. Co.*, No. 18-CV-2781-CAB-AGS, 2019 WL 1493343, at *1–3 (S.D. Cal. Apr. 4, 2019) (dismissing cross-complaint for indemnity and contribution where underlying litigation asserted violation of the Fair Debt Collection Practices Act); *Forever 21 Inc. v. Seventy Two, Inc.*, No. CV131513PSGMANX, 2013 WL 12425024, at *2 (C.D. Cal. Mar. 25, 2013) (concluding that the plaintiff failed to allege subject-matter jurisdiction for indemnity action where underlying litigation was for copyright infringement).[1] Mr. Inciyan's "incorporation by reference" of the *Langer* Complaint—which indisputably asserts a federal question—does not somehow imbue Mr. Inciyan's own causes of action with a federal question. *See* Pl.'s Resp. at 2.

Further, the City of Carlsbad is correct that Mr. Inciyan's third and fifth "causes of action" for declaratory relief and an affirmative injunction, respectively, are not themselves

---

[1] Mr. Inciyan distinguishes *Perrault* on the grounds that that case involved an exercise of supplemental jurisdiction under 28 U.S.C. § 1367. *See* Pl.'s Resp. at 7. Although it is true that that case involved a different procedural posture, it is still persuasive in its discussion of the relation between the underlying and indemnity actions. In *Perrault*, as here, there was an underlying action alleging a federal cause of action. *Compare Langer* Compl. (alleging violation of the ADA), *with Perrault*, 2019 WL 1493343, at *1 (asserting violation of the FDCPA). As Mr. Inciyan attempted to do here, *see Langer* Mot., one of the defendants in *Perrault* attempted to file a cross-complaint for indemnity, contribution, and declaratory relief. 2019 WL 1493343, at *1. The district court in *Perrault* noted that "[t]here [wa]s little overlap between the facts relevant to the question of whether [the indemnitee] violated the FDCPA . . . and the facts relevant to the question of whether [the indemnitor] is liable for indemnity or contribution for [the indemnitee]'s liability to [the underlying] Plaintiffs." *Id.* at *2. Further, "even in Plaintiffs succeed in their claims against [the indemnitee], the only federal claim in the case (Plaintiffs' FDCPA claim) will have been resolved at that point," which would "point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc)). The same issues exist here. As in *Perrault*, there is little overlap between the underlying ADA cause of action alleged in *Langer* and the question of the City of Carlsbad's liability to Mr. Inciyan, as the Court previously intimated in the *Langer* Order. *See Langer* Order at 4 (noting that "[t]he proposed Cross-Complaint . . . raises several issues distinct from those raised in the original Complaint"). Further, Mr. Inciyan's causes of action for declaratory and injunctive relief hinge on a determination of liability in *Langer*, at which point the supposed "federal question" in the instant case already will have been resolved. In any event, Mr. Inciyan makes no attempt to distinguish *Forever 21*, which is procedurally analogous to the instant inquiry.

causes of action, but rather remedies available under Mr. Inciyan's first, second, and fourth causes of action. *See* Def.'s Resp. at 2 n.1, 3 n.2; *see also, e.g.*, *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018) (affirming dismissal of request for declaratory relief where district court properly dismissed underlying claims); *Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054-KJM-EF, 2011 WL 1833090, at *2 (E.D. Cal. May 12, 2011) ("The third and fourth claims are for injunctive and declaratory relief, which are not causes of action but rather must be based on other, viable causes of action."). Because no federal question is presented by Mr. Inciyan's underlying causes of action, his requests for injunctive and declaratory relief are properly dismissed for lack of subject-matter jurisdiction as well. *See, e.g.*, *Perreault*, 2019 WL 1493343, at *1–3 (dismissing indemnity cross-complaint asserting claim for declaratory relief); *Forever 21*, 2013 WL 12425024, at *2 (dismissing indemnity complaint asserting claim for declaratory relief); *see also, e.g.*, *Gordon v. Consumer Fin. Prot. Bureau*, No. CV1606069SJOAJWX, 2016 WL 10966385, at *10 (C.D. Cal. Dec. 20, 2016) (dismissing causes of action for declaratory and injunctive relief where underlying causes of action were dismissed for lack of jurisdiction); *Allen v. Kaiser Permanente*, No. 212CV1920JAMCKDPS, 2012 WL 12874495, at *1 (E.D. Cal. Oct. 29) (same), *report and recommendation adopted*, 2012 WL 12874496 (E.D. Cal. Dec. 13, 2012), *aff'd*, 584 F. App'x 397 (9th Cir. 2014); *Visa U.S.A., Inc. v. First Data Corp.*, No. C 02-01786 JSW, 2006 WL 516662, at *8 (N.D. Cal. Mar. 2, 2006) (dismissing declaratory relief claim where underlying federal claims had been dismissed for lack of jurisdiction).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: January 8, 2020

*[signature]*
Hon. Janis L. Sammartino
United States District Judge